UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kelly Kim | William Stein |
| Young Ryu | |

**Proceedings:**   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17, filed on June 16, 2017)

## I.   INTRODUCTION

On April 18, 2016, plaintiff Maria Yates filed this action in Los Angeles County Superior Court against defendants Health Services Advisory Group, Inc. ("HSAG") and Does 1–25, inclusive. Dkt. 1-1 ("Compl."). HSAG removed this case to this Court on June 7, 2016. Dkt. 1.

Plaintiff alleges the following fourteen claims against defendants:
(1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in a good faith interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; (7) missed rest breaks in violation of California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040; (8) failure to pay minimum wages in violation of California Labor Code §§ 558, 1194, 1194.2, 1197, and 1198; (9) failure to pay overtime compensation; (10) failure to provide proper wage statement in violation of California Labor Code § 226; (11) failure to permit inspection of personnel and payroll records in violation of California Labor Code § 1198.5; (12) failure to pay compensation upon termination of employment in violation of California Labor Code §§ 201–203; (13) violation of the Private Attorneys General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**     **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

Act of 2004, Cal. Lab. Code §§ 2698 et seq.; and (14) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. The gravamen of plaintiff's complaint is that HSAG failed to provide reasonable accommodations upon plaintiff's medical leave and that plaintiff was precluded from taking lunches or breaks and performed unpaid overtime work.

On June 16, 2017, HSAG filed a motion for summary judgment. Dkt. 17 ("Mot."). Plaintiff filed her opposition on July 3, 2017, dkt. 20 ("Opp'n"), and HSAG filed its reply on July 10, 2017, dkt. 22 ("Reply").

The Court held oral argument on July 24, 2017. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The following facts are not in dispute, except where otherwise noted.

### A.     Facts Relating to Plaintiff's Medical Leave

HSAG hired Yates as an Administrative Assistant II at FMQAI in May of 2013. Dkt. 17-6, Declaration of William O. Stein ("Stein Decl."), Plaintiff Deposition Volume I ("Pl. Depo. I") at 55:21–22 & Ex. 2. FMQAI was a wholly owned subsidiary of HSAG that serviced an End Stage Renal Disease ("ESRD") contract with the Center for Medicare and Medicaid Services ("CMS"). Dkt. 17-2, Declaration of Jennifer Goodman Brooks ("Goodman Decl.") ¶ 6. Plaintiff worked in FMQAI's Glendale, California office and reported to Harriet Edwards, the Executive Director of that office. Pl. Depo. I at 65:23–66:4, 69:19–25. FMQAI employed nine employees in the Glendale office, two of whom were Administrative Assistants and non-exempt employees. Dkt. 17-6, Stein Decl., Plaintiff Deposition Volume II ("Pl. Depo. II") at 272:6–15; Goodman Decl. ¶ 7.

As an Administrative Assistant, plaintiff's job duties included answering the telephone, keeping a calendar for the managers, booking conference offices, making arrangements for events occurring outside the office, ordering supplies, taking meeting minutes, filing documents, helping prepare the mail, and once or twice per week taking mail to the post office. Pl. Depo. I at 74:21–75:21. The job description for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**    **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

Administrative Assistant II required that plaintiff be able to stand, walk, sit, and regularly lift between ten and twenty-five pounds.  Dkt. 17-7, Stein. Decl., Ex. 3.

On or about March 24, 2014, plaintiff injured her back while lifting a box of mail. Compl. ¶ 24.  Plaintiff reported her injury to Edwards on March 25, 2014.  Pl. Depo. I at 146:20–147:1.  On the same day, Beverly Frink of FMQAI's Human Resources Department contacted plaintiff with a list of medical providers where plaintiff could seek treatment.  Id. at 137:18–148:10 & Ex. 5.  Plaintiff went to the doctor and was placed on work restrictions, including no lifting.  Pl. Depo. I at 148:11–149:15.  Plaintiff provided her work restrictions to Edwards and sent a copy to Bernie Curry in FMQAI's Human Resources Department.  Id. at 149:16–23, 178:22–179:2.  Defendant complied with plaintiff's restrictions and did not require her to do anything outside of her restrictions. Id. at 150:25–151:2.  HSAG no longer required plaintiff to take mail to the Post Office or lift anything weighing more than five pounds.  Id. at 150:5–11.  While continuing to work subject to her restrictions, plaintiff has stated that HSAG provided her with whatever accommodations she needed or asked for, such as a chair with back support.  Id. at 170:17–171:10.  HSAG also accommodated plaintiff's requests to attend doctor's appointments and physical therapy.  Id. at 151:3–9, 153:19–21, 173:9–174:8.

On November 13, 2014, plaintiff's physician determined that plaintiff could not work at all and placed her on total temporary disability.[1]  Id. at 16:10–13, 28:8–13; Pl. Depo. II at 278:5–23 & Ex. 31.  On November 17, 2014, plaintiff provided HSAG with a medical note stating that she would not be able to work until January 8, 2015.  Pl. Depo. II at 278:5–23, 279:6–16 & Ex. 32.  HSAG approved plaintiff's medical leave.  Goodman

---

[1] Plaintiff objects to this statement as irrelevant, argumentative, speculative, lacks foundation, constitutes improper legal opinion, and improper opinion testimony.  Dkt. 20-4, Plaintiff's Statement of Genuine Disputes and Additional Undisputed Facts ("Pl.'s Statement") no. 28.  However, this fact is based on plaintiff's diagnosis from her treating physician; plaintiff produced this diagnosis in discovery.  See Pl. Depo. II, Ex. 32. Plaintiff's doctor had the knowledge to make such an assessment.  This fact is central to plaintiff's disability discrimination case because it establishes that plaintiff suffered from a disability.  Moreover, plaintiff testified at her deposition that this statement accurately reflected her doctor's diagnosis.  Pl. Depo. I at 28:2–19.  Accordingly, plaintiff's objection is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'    JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

Decl. ¶ 8.  While plaintiff's initial return to work date was January 8, 2015, plaintiff's doctor subsequently extended her medical leave multiple times.  Id.  Each doctor's note extending plaintiff's medical leave indicated a new anticipated return-to-work date, but plaintiff was not released to work on any of these dates.  Pl. Depo. II at 217:7–11.

On or about February 9, 2015, plaintiff applied for long-term disability benefits.  Id. at 288:11–289:16.  At the time plaintiff completed her long-term disability form, she was not sure when she would be able to return to work.  Id. at 289:23–290:24 & Ex. 39 at 307.  Plaintiff's physician also completed portions of plaintiff's long-term disability application.  See Goodman Decl., Ex. 40 at 11.  Plaintiff's doctor wrote on the form that he did not expect plaintiff to return to her prior level of functioning for approximately one year from the date of the application.[2]  Id.  Plaintiff's doctor also stated that plaintiff remained totally temporarily disabled and did not expect to see fundamental changes in plaintiff's medical condition for more than six months.[3]  Id.

On or about March 3, 2015, Jennifer Goodman, HSAG's Director of Human Resources, called plaintiff to discuss her leave.  Goodman Decl. ¶ 10.  Plaintiff's Family Medical Leave Act ("FMLA") leave was scheduled to expire on March 16, 2015.  Id.  Goodman informed plaintiff that, after her FMLA leave expired, HSAG would continue to place plaintiff on leave as a form of accommodation.  Id.

In June 2015, plaintiff was treated by a psychiatrist as part of a Workers' Compensation case she filed after her injury.  Pl. Depo. I at 39:17–24, 40:10–25.  The psychiatrist diagnosed plaintiff with depression and determined that plaintiff was

---

[2] Plaintiff objects to this statement as irrelevant, argumentative, speculative, lacks foundation, constitutes improper legal opinion, and improper opinion testimony.  Pl.'s Statement at no. 41.  This fact is based on plaintiff's diagnosis from her treating physician; plaintiff produced this diagnosis in discovery.  See Goodman Decl., Ex. 40.  Plaintiff's doctor had the knowledge to make such an assessment.  This fact is relevant because it demonstrates the duration of plaintiff's disability and the timeframe for her return to work.  Accordingly, plaintiff's objection is overruled.

[3] Plaintiff objects to this statement.  Pl.'s Statement at no. 42.  See supra n. 2.  Overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**    **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|----------|--------------------------|------|----------------|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

temporarily totally disabled on a "psychiatric, orthopedic and neurological basis."[4]
Pl. Depo. II at 236:10–15, 255:22–257:9; dkt. 17-5, Stein Decl., Ex. 29 at 283. The
psychiatrist also wrote "there are no work restrictions that can be identified at this time
that could return her . . . to the open labor market."[5] Ex. 29 to Stein Decl. at 284.
Plaintiff disputes this fact because she believed that her condition had improved and that
she would be able to perform her essential duties given work restrictions and reasonable
accommodations. See Pl.'s Statement at no. 47. Plaintiff does not provide any medical
note stating that she had improved sufficiently to allow her to return to work or any other
evidence to support this contention.

On June 24, 2015, plaintiff sent Goodman a medical note extending plaintiff's
leave to July 21, 2015. Goodman Decl. ¶ 11; Pl. Depo. II at 225:10–20 & Ex. 24. After
receiving plaintiff's message, Goodman spoke to HSAG's CEO Mary Ellen Dalton about
plaintiff's continued leave and inability to return to work. Goodman Decl. ¶ 11. Dalton
and Goodman discussed the need to fill the Administrative Assistant position; they
believed the work flow in the department required two full-time assistants. Id. Dalton
and Goodman decided that Goodman would contact plaintiff to discuss whether she
would be released to work on July 21, 2015. Id. ¶ 12. If plaintiff could not work by that
date, her employment would be terminated and the position would be filled. Id. Plaintiff
does not dispute that Dalton and Goodman discussed this topic but disputes whether the
department needed to fill plaintiff's position. Pl.'s Statement at no. 50. While plaintiff
was on medical leave, the department did not have any administrative assistants.
Dkt. 20-3, Declaration of Kelly Kim ("Kim Decl."), Ex. D, Deposition of Harriet
Edwards ("Edwards Depo.") at 129:2–24. HSAG did not hire a temporary employee to
fill plaintiff's position. Id. However, plaintiff's duties were taken over by other staff
members, id. at 126:2–4, including Melissa Carter, who took over plaintiff's duties after
plaintiff went on leave, see dkt. 22-2, HSAG's Edwards Depo. at 135:24–136:5.

---

[4] Plaintiff objects to this statement. Pl.'s Statement at no. 47. See supra n. 2.
Overruled.

[5] Plaintiff objects to this statement. Pl.'s Statement at no. 47. See supra n. 2.
Overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'      JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

On July 14, 2015, Goodman spoke to plaintiff.  Goodman Decl. ¶ 13.  Plaintiff could not provide Goodman with a certain return date.  Id.; Pl. Depo. II at 214:17–215:1; Dkt. 20-3, Kim Decl., Ex. C, Deposition of Jennifer Goodman ("Goodman Depo.") at 64:10–24.  As a result, Goodman informed plaintiff that her employment with HSAG would be terminated on July 15, 2016.  Goodman Decl. ¶ 14.  After plaintiff's employment ended, plaintiff's doctor did not release plaintiff to return to work until the middle of 2016.  Pl. Depo. I at 19:12–21; Pl. Depo. II at 281:15–18.

At the end of 2015, CMS announced that HSAG would no longer service the ESRD contract in California as of December 31, 2015.  Goodman Decl. ¶ 15.  As a result, HSAG laid off all the FMQAI employees working in the Glendale office.  Id.

Since plaintiff's employment with HSAG ended, plaintiff has not looked for work as an Administrative Assistant.  Pl. Depo. I at 25:19–22.  Plaintiff is in vocational rehabilitation to become an interpreter.  Id. at 26: 6–14, 30:3–31:7.  Plaintiff also applied for California State disability benefits in approximately August or September 2015.  Id. at 43:10–44:18.  At the time of plaintiff's application, plaintiff understood that she could not work and assumed that her doctor would make that representation on her application.  Id. at 46:13–21.  Plaintiff received disability benefits for ten months to a year.  Id. at 47:24–48:3.

Plaintiff stated that she did not know who made the decision to terminate her employment.  Pl. Depo. II at 230:1–3.  Plaintiff stated in her deposition that she did not know why her employment was terminated.  Id. at 230:4–6.  However, plaintiff also stated "I think [Goodman] said they couldn't wait for me anymore" during their conversation about plaintiff's termination.  Id. at 228:19–299:1.

**B.     Facts Relating to the Alleged Labor Code Violations**

When plaintiff began working at FMQAI, she was provided with an employee handbook.  Pl. Depo. I at 97:7–9.  The handbook provided that non-exempt employees, i.e., administrative assistants, were granted and required to take an unpaid thirty-minute lunch and two paid fifteen-minute rest breaks.  Goodman Decl. ¶ 19 & Ex. 45 at 129–32.  Plaintiff received training on how to complete her timesheets electronically and was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**    **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

informed that it was company policy for employees to take their meal and rest breaks.  Pl. Depo. II at 273:16–23.

Edwards scheduled lunch breaks for the two administrative assistants for 11:30 a.m. and 12:00 p.m.  Pl. Depo. II at 265:14–266:24.  Plaintiff and the other administrative assistant decided between themselves when each would take her lunch break.  Id. at 265:14–266:24.  Plaintiff was never told that she could not take her lunch or rest breaks.  Id. at 268:17–19.  However, plaintiff did not take lunch breaks when she was the only administrative assistant working that day, if there was a meeting during lunch where she had to take minutes, or if she had to cover the phone while the other administrative assistant took meeting minutes.  Id. at 269:3–12.  Plaintiff did not record on her timesheet when she took meeting minutes during lunch.  Id. at 265:4–6.  Plaintiff never informed anyone at HSAG that she did not take breaks.  Id. at 270:20–22.  Plaintiff never asked whether she could take lunch at a different time or complete an assignment after she returned from a break.  Id. at 269:13–16, 277:3–15.  Plaintiff does not know whether other employees were denied meal and rest breaks and not paid overtime.  Id. at 274:11–275:14.

Plaintiff's work hours were 8:00 a.m. to 4:30 p.m. from Monday through Friday. Pl. Depo. I at 86:25–87:13.  Plaintiff was required to complete timesheets that accounted for eight hours of work per day.  Id. at 87:14–89:11.  Edwards approved plaintiff's timesheets for each pay period.  Dkt. 17-1, Declaration of Harriet Edwards ("Edwards Decl.") ¶ 3.  Plaintiff's completed timesheets show that she never worked more than forty hours in a week.  Goodman Decl. ¶ 16 & Ex. 42 at 14–115.  Plaintiff accurately recorded her time and did not falsify information on her timesheets.  Pl. Depo. II at 262:22–263:7. However, plaintiff avers that the system would not allow her to record time beyond eight hours per day.  Dkt. 20-3, Kim Decl., Ex. B ("Yates Pl. Depo. II") at 264:16–19.  HSAG disputes that plaintiff was not allowed to record overtime hours.  Dkt. 22-3 ("Reply Statement") at 139.  Plaintiff and Edwards both testified that any overtime needed to be preapproved before the time could be entered into the system.  Dkt. 20-3, Kim Decl., Ex. A ("Yates Pl. Depo. I") at 95:21–96:9; Edwards Depo. 45:17–46:10.  Neither testified that HSAG would not preapprove any overtime.

Plaintiff avers that several times per month, she took mail to the Post Office after work hours on her way home.  Pl. Depo. I at 142:15–24.  Edwards instructed plaintiff to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

deliver the outgoing mail "at the end of the day." Id. at 137:10–25. Edwards did not specifically tell plaintiff to go after work hours. Id. Plaintiff did not ask Edwards what she meant by "at the end of the day." Id. Plaintiff took the instruction to mean that she could not leave her desk during her scheduled shift. Yates Pl. Depo. I at 134:8–14; dkt. 20-1, Declaration of Maria Yates ("Yates Decl.") ¶ 6. Plaintiff did not record on her timesheets the fifteen or twenty minutes she spent bringing mail to the Post Office at the end of the day. Pl. Depo. I at 93:13–16, 142:3–8; Yates Pl. Depo. I at 134:8–135:7. Plaintiff did not tell Edwards that she was taking the mail after work hours. Pl. Depo. I at 138:4–7. Edwards asserts that she did not know plaintiff took the mail after hours and did not record her time. Edwards Decl. ¶ 4. Plaintiff disputes that Edwards did not know that plaintiff took the mail after work because Edwards helped her with the task a couple times. Pl. Depo. I at 138:11–16.

There were several occasions when plaintiff could not work eight hours per day because she had to go to physical therapy. Pl. Depo. I at 163:10–169:2. Plaintiff asked HSAG "to work with [her] schedule so that [she] could go to physical therapy" and that HSAG did so. Id. at 151:3–9. Plaintiff arranged to make up the time with Edwards so that her "check wouldn't be short." Id. at 165:2–8. Pursuant to Edwards's instructions, plaintiff would fill out a form indicating her work schedule for the next week and submit it to Edwards. Id. at 166:4–9. The schedule would indicate which days plaintiff would work fewer than eight hours and which days she would make up the time by working longer hours. Id. Edwards and plaintiff would both sign the form. Id. at 166:4–9, 167:21–168:3. Plaintiff disputes that "a written agreement was ever made regarding [Edwards's] instructions." Pl.'s Statement at no. 93. Plaintiff avers that Edwards instructed plaintiff not to record more than eight hours per day. Pl. Depo. I at 163:10–169:2. HSAG disputes that the agreement to provide makeup up time had anything to do with the requirement of recording an eight-hour day. Reply Statement at no. 145.

On January 5, 2016, HSAG received a letter from plaintiff requesting that she be allowed to inspect her personnel file and payroll records. Goodman Decl. ¶ 17 & Ex. 43 at 117–122. On January 21, 2016, HSAG personally delivered the payroll records to plaintiff's counsel. Stein Decl. ¶ 28. On January 29, 2016, HSAG personally delivered plaintiff's personnel file to plaintiff's counsel. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'    JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

On March 12, 2016, plaintiff sent a letter to the California Labor and Workforce Development Agency ("LWDA"). Goodman Decl. ¶ 18 & Ex. 44 at 124–126. In the letter to the LWDA, plaintiff alleged that HSAG had violated several provisions of the California Labor Code and stated her intent to file a civil complaint. Goodman Decl., Ex. 44 at 124–26. Plaintiff's counsel forwarded the letter to Goodman. Goodman Decl. ¶ 18.

## III.   LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   Plaintiff's Disability Discrimination and Retaliation Claims

Plaintiff's claims 1–6 sound in disability discrimination or retaliation in violation of the California Fair Employment and Housing Act ("FEHA").  The Court addresses plaintiff's FEHA claims together, and separately addresses plaintiff's claims for violations of the California Labor Code.

#### 1.   Discrimination

In evaluating claims for discrimination, California has adopted the three-stage burden shifting framework set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973).  See Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089, 1113 (Cal. 2000).  Once the plaintiff has made a prima facie showing of employment discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action."  Deschene v. Pinole Point Steel Co., 76 Cal. App. 4th 33, 44 (1999) as modified (Nov. 29, 1999).  If the employer offers such a reason, "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated."  Id.

To establish a prima facie case of disability discrimination in violation of FEHA, a plaintiff must show that: (1) she suffered from a disability, (2) she could perform the essential duties of her job with or without reasonable accommodation, and (3) she was subjected to adverse employment action because of her disability.  McInteer v. Ashley Distrib. Servs., Ltd., 40 F. Supp. 3d 1269, 1281 (C.D. Cal. 2014) (citing Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 310 (2010)).

Here, plaintiff satisfies the first prong because she has provided sufficient evidence to demonstrate that she suffered from a disability.  For example, on November 13, 2014, plaintiff's physician placed plaintiff on "total temporary disability" until January 8, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'    JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

Stein Decl., Ex. 32.  Plaintiff received multiple extensions of her medical leave based on her continuing disability.  Stein Decl., Exs. 22, 23, 24, 34, 46, 47.

At issue in this case, however, is the second prong.  Namely, HSAG contends that plaintiff has failed to establish a prima facie case of discrimination because plaintiff was not a qualified individual, i.e., she could not perform essential job functions with or without an accommodation.  Mot. at 2–3.  FEHA "does not prohibit an employer from refusing to hire or discharging an employee who, because of the employee's medical condition, is unable to perform his or her essential duties even with reasonable accommodations."  Cal. Gov't Code § 12940(a)(2).  Plaintiff bears the initial burden of showing the existence of a reasonable accommodation that would enable her to perform essential job duties.  Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1046–47 (9th Cir. 1999).

First, plaintiff avers that even if "her physical condition did not significantly improve by July 21, 2015, plaintiff would have been willing to discuss . . . how she may have been able to return to work with the same accommodations as she previously had."  Opp'n at 14.  Plaintiff provides no evidence beyond her own speculation that her medical condition had improved sufficiently to allow her to return to work.  Plaintiff stated at deposition, "I thought I could go back to work, but the doctor did not think I was ready."  Yates Pl. Depo. II at 252:5–10.  Plaintiff's testimony "to the effect that she was not totally disabled is uncorroborated and self-serving."  Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996) (holding that because plaintiff's statements contradicted her doctor's assessment and the sworn statements made in applying for disability benefits, they could not establish that she was a qualified individual).  Based on this evidence, no reasonable juror could conclude that plaintiff's condition had improved sufficiently to allow her return to work, even with accommodations.

Alternatively, plaintiff contends that further extension of her medical leave would have been a reasonable accommodation that would have allowed her to return to performing her essential job duties.  Opp'n at 14.  "An extended medical leave, or an extension of an existing leave period, may be a reasonable accommodation if it does not pose an undue hardship on the employer."  Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1247 (9th Cir. 1999).  "A finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'**   **JS-6** |
|---|---|---|---|
| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

perform his or her duties." Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 226 (1999). However, an employer "is not required to provide an indefinite leave of absence as a reasonable accommodation." Cal. Code Regs. tit. 2, § 11068. "Recovery time of unspecified duration may not be a reasonable accommodation (primarily where the employee will not be able to return to his former position and cannot state when and under what conditions he could return to work at all)." Dark v. Curry Cty., 451 F.3d 1078, 1090 (9th Cir. 2006). Courts in the Ninth Circuit have routinely held that when a plaintiff has not been "released by her doctor to return to work, she has not met the second requirement [of the prima facie case] that she be qualified to perform the essential functions of the job." Dezham v. Macy's W. Stores, Inc., No. 13-cv-1864-DOC-RNB, 2015 U.S. Dist. LEXIS 73, at *38 (C.D. Cal. Jan. 2, 2015); Markowitz v. UPS, No. 15-cv-1367-AG-DFM, 2016 U.S. Dist. LEXIS 86245, at *20 (C.D. Cal. June 30, 2016) (granting summary judgment for employer when employee had not presented any medical evidence indicating that she could return to work, and employer had already provided a year of medical leave); Wynes v. Kaiser Permanente Hosps., 936 F. Supp. 2d 1171, 1184 (E.D. Cal. 2013) (holding an employer was not required to extend an employee's medical leave further in light of previous extensions and her doctor's inability to provide an anticipated return to work date). Additionally, the Ninth Circuit has held that when an employee's doctor unequivocally represented that the employee was totally disabled, there is "no genuine issue that [the employee] could have performed her job with the proposed, or any other, accommodation." Kennedy v. Applause, Inc., 90 F.3d 1477, 1482 (9th Cir. 1996); see also Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 807 (1999) (when a plaintiff contradicts a previous sworn assertion in an application for disability benefits, plaintiff must provide a "sufficient explanation" to warrant the conclusion that plaintiff could nonetheless perform the essential function of her job, with or without reasonable accommodation).

    In this case, even after plaintiff's statutory leave expired, HSAG continued to grant plaintiff's medical leave as a form of accommodation. Goodman Decl. ¶ 10. Each doctor's note extending plaintiff's medical leave contained an anticipated return-to-work date. See Stein Decl., Ex. 22, 23, 24, 34, 46, 47. However, plaintiff was not released to work on any of the anticipated return-to-work dates. Pl. Depo. II at 217:7–11. When plaintiff requested a further extension of her leave through July 21, 2015, Goodman called plaintiff to discuss whether she would be released to work by that date. Goodman Decl. ¶¶ 11–13. Plaintiff could not guarantee whether she would be released by July 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

2015 or provide a date certain for her return. Pl. Depo. II at 214:17–215:1. Although plaintiff asserts that her condition was improving, Yates Decl. ¶ 15, plaintiff did not represent this to HSAG prior to her discharge and proffers no medical evidence to support this contention. Less than one month prior to her termination, plaintiff's psychiatrist found there were no work restrictions that could allow her to return to the open labor market. Stein Decl., Ex. 29 at 284. After plaintiff's employment ended, plaintiff's doctor did not release her to return to work until the middle of 2016. Pl. Depo. I at 19:12–21; Pl. Depo. II at 281:15–18.

Given that plaintiff could not provide an anticipated date for her return, plaintiff's doctors continued to diagnose her as temporarily totally disabled, and plaintiff's doctor did not release her for work until a year after her termination, plaintiff has not met her initial burden of demonstrating that she was qualified for the job or that additional leave was a reasonable accommodation that would have enabled her to perform essential job duties. Zukle, 166 F.3d at 1046–47. Because plaintiff's evidentiary showing is insufficient to create a triable issue of fact, the Court concludes that a reasonable jury could not find for plaintiff on claims for disability discrimination, failure to prevent disability discrimination, failure to accommodate her disability, and failure to engage in the interactive process. See Nadaf-Rahrov v. Neiman Marcus Grp., Inc., 166 Cal. App. 4th 952, 977 (2008) ("employee's ability to perform the essential functions of a job is a prerequisite to liability" for failure to accommodate); Jackson v. Simon Prop. Grp., Inc., 795 F. Supp. 2d 949, 962 (N.D. Cal. 2011) (holding that plaintiff's failure to make out a prima facie case of disability discrimination was fatal to plaintiff's claim for failure to engage in the interactive process). Accordingly, the Court **GRANTS** HSAG's motion for summary judgment as to all of plaintiff's discrimination claims.[6]

---

[6] At oral argument, plaintiff's counsel asserted that a November 2016 report indicates that—as of a July 31, 2015 doctor's visit—plaintiff had "reached maximum medical improvement and permanent and stationary status." Stein Decl., Ex. 10 at 248. While the report stated that plaintiff was "not able to perform the duties of her usual and customary occupation," id. at 252, plaintiff's counsel argued that the doctor's finding was relevant with regard only to plaintiff's Worker's Compensation claim. By contrast, plaintiff's counsel argued that plaintiff could have returned to work had HSAG offered the accommodations initially provided while plaintiff worked post-injury, between March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**     **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

### 2. Retaliation

"Like discrimination, retaliation may be shown using the McDonnell Douglas burden shifting framework." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1124 (9th Cir. 2004). In order to establish a prima facie case for retaliation in violation of FEHA, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 116 P.3d 1123, 1130 (Cal. 2005). "If a prima facie case is established, the burden then shifts to the employer to proffer an alternative explanation for its action, which the employee may attempt to rebut." McGinest, 360 F.3d at 1124.

Plaintiff has sufficiently established that she engaged in a protected activity. Plaintiff exercised her right to take protected leave for medical treatment. See Moore v. Regents of Univ. of Cal., 248 Cal. App. 4th 216, 249 (2016). Following the expiration of plaintiff's protected FMLA leave, plaintiff requested accommodation in the form of an extension of her medical leave, which qualifies as a protected activity under the 2015 amendment to Section 12940 of FEHA. Id. at 245. Furthermore, it is undisputed that HSAG terminated plaintiff's employment. Finally, plaintiff asserts that a causal link is established because of "the temporal sequence between the protected expression and the adverse action." Opp'n at 24. Accordingly, a rational trier of fact would find that plaintiff has met her initial burden to establish a prima facie case for retaliation. Thus, the burden shifts to HSAG to offer a legitimate, non-discriminatory reason for plaintiff's termination.

---

and November 2014. However, the July 31, 2015 doctor's visit occurred *after* plaintiff's termination on July 15, 2015. The relevant doctor's visit and report is the evaluation *prior* to her termination, namely a July 2, 2015 doctor's report. On July 2, 2015, plaintiff's doctor indicated that plaintiff's work status remained "TTD," that is total temporary disability. Id. at 231. Prior to plaintiff's termination, plaintiff never represented to HSAG that her medical condition had sufficiently improved to allow for her return to work. None of plaintiff's medical reports before her termination indicated that she was able to return to work, even with reasonable accommodations. Therefore, a rational trier of fact could not conclude that plaintiff's total temporary disability status had changed prior to plaintiff's termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**    **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|----------|--------------------------|------|----------------|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

A defendant may rebut a plaintiff's prima facie case for retaliation by articulating a legitimate, non-retaliatory motive for termination.  See Deschene, 76 Cal. App. 4th at 44. In this case, HSAG presents testimony that it needed to fill plaintiff's position because it needed two assistants to handle the workflow.  Goodman Decl. ¶ 11.  Having produced a non-retaliatory reason for termination, the presumption "simply drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993) (citing McDonnell Douglas, 450 U.S. at 255).

To show "a genuine issue of material fact as to pretext in order to avoid summary judgment[,]" "plaintiff must produce specific, substantial evidence of pretext."  Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994) (quotation marks omitted).  "When evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal prima facie case based on a McDonnell Douglas type presumption."  Id. at 890–91.  To avoid summary judgment:

> The [employee] cannot simply show the employer's decision was wrong or mistaken . . . rather, the [employee] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the [the asserted] non-discriminatory reasons.

Hersant v. Dep't of Soc. Servs., 57 Cal. App. 4th 997, 1005 (1997) (quotation marks omitted).  Summary judgment for an employer may be appropriate where "any countervailing circumstantial evidence of discriminatory motive . . . is too weak to raise a rational inference that discrimination occurred."  Guz, 8 P.3d at 1119.  Such is the case here.

Plaintiff's only proffered evidence of pretext is that plaintiff's position went unfilled during her leave.  Pl.'s Statement at no. 125.  Plaintiff's assertion is based on plaintiff's own declaration, Yates Decl. ¶ 15, and deposition testimony by Edwards, who at one point did testify that no one was brought in to fulfill plaintiff's duties, Edwards Depo. at 126:5–13.  However, Edwards also stated that plaintiff's duties were taken over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

by other staff members, id. at 126:2–4, and further testified in that deposition that Melissa Carter took over plaintiff's duties after plaintiff went on leave, HSAG Edwards Depo. at 135:24–136:5. Accordingly, the Court concludes that a rational trier of fact would not be able to find that HSAG's legitimate explanation is "unworthy of credence," Guz, 8 P.3d at 1119, or that plaintiff has introduced "specific, substantial evidence of pretext" sufficient to "avoid summary judgment." Wallis, 26 F.3d at 890. Accordingly, the Court **GRANTS** HSAG's motion for summary judgment as to plaintiff's retaliation claims

### 3.    Summary

The Court **GRANTS** HSAG's motion for summary judgment on plaintiff's claims for discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodation, failure to engage in the interactive process, and wrongful termination in violation of public policy on the basis of disability discrimination (claims 1–6).

### B.    Plaintiff's Claims for California Labor Code Violations

The Court now turns to plaintiff's claims alleging violations of the California Labor Code.

### 1.    Plaintiff's Claim for Missed Rest Breaks

In her seventh claim, plaintiff alleges that "defendant failed to provide timely, uninterrupted rest breaks as required by law." Compl. ¶ 100.

"Every employer shall authorize and permit all employees to take rest periods." Cal. Code Regs. tit. 8, § 11040. "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Cal. Lab. Code § 512. An employer satisfies its obligation to provide a meal period if it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." Brinker Rest. Corp. v. Superior Court, 273 P.3d 513 at 536–37 (Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**     **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

Plaintiff does not dispute that she received an employee handbook and training on HSAG's break polices.  Pl.'s Statement at no. 68–71.  Plaintiff testified that she was told she could take her meal breaks and was never told that she could not take meal or rest breaks, but that there were times when she was required to work during her scheduled meal breaks.  See Yates Decl. ¶¶ 20–21; Pl. Depo. II at 268:17–22.  In addition, plaintiff points to testimony from Edwards that no one in the Glendale office was responsible for ensuring employees took their meal break.  Pl.'s Statement at no. 148; Edwards Depo. at 56:4–8.  HSAG disputes that plaintiff was ever required to work through a meal period or could not schedule a break at another time on that day.  Reply Statement at no. 150.  HSAG further argues that it did not have a legal obligation to ensure that meal breaks were taken.  Mot. at 29.  HSAG is correct that an employer "is not obligated to police meal breaks and ensure no work thereafter is performed."  Brinker, 273 P.3d at 537.  "Work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay."  Id. at 537.  Accordingly, HSAG did not have a duty to ensure plaintiff took breaks, only an obligation to relieve plaintiff of all duty to permit a reasonable opportunity to take uninterrupted breaks.  However, plaintiff asserts that HSAG failed to relieve her of all duty because she "was required to assist any manager whenever the need arose, and since they never took rest breaks themselves, [she] had to be ready at all times to perform any assignments they gave [her]."  Yates Decl. ¶ 22.  Plaintiff testified that "because no one took breaks, neither did the administrative assistants."  Pl. Depo. II at 270:7–9.  Plaintiff stated that if the exempt employees did not take breaks, those employees would "have stuff for [the non-exempt employees] to do."  Id. at 270:10–19.

Courts generally find that there is a triable issue of fact as to whether plaintiffs were relieved of all duty during breaks when plaintiffs present evidence of a policy or requirement that they be ready to work at all times during the work day.  See, e.g., Perez v. Safety-Kleen Sys., 253 F.R.D. 508, 516 (N.D. Cal. 2008) (denying summary judgment when employees declared that they were "required to be in readiness to work at all times" during the work day); United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., No. 08-cv-2068-PSG-FFM, 2009 U.S. Dist. LEXIS 133954, at *11 (C.D. Cal. Mar. 16, 2009) (denying summary judgment when employees were expected to carry a radio to stay in communication during their shifts and submitted evidence that they "must be ready to work at all times during their shifts"); Augustus v. ABM Sec. Servs., Inc., 385 P.3d 823, 833 (Cal. 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**    **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

(explaining that policies requiring employees "to remain vigilant, and to respond when needs arise" conflict with an employer's obligation to provide breaks relieving employees of all work-related duties).

However, absent evidence of such a policy, an employee's assertion "that she essentially had too much work to do in too little time, and that pressure somehow necessitated her to work through her rest or meal breaks" is not sufficient to create a genuine issue of material fact.  See Plaisted v. Dress Barn, Inc., No. 2:12-cv-01679-ODW, 2013 WL 300913, at *3–4 (C.D. Cal. Jan. 25, 2013); see also Reece v. Unitrin Auto & Home Ins. Co., No. 5:11-cv-03960-EJD, 2013 U.S. Dist. LEXIS 9311, at *15–16 (N.D. Cal. Jan. 22, 2013) (granting summary judgment for employer when an employee contended that he could not take breaks due to his "demanding schedule," the "sheer volume" of work, and the "expectations placed on him" without evidence to support these "conclusory notions"); Cole v. CRST, Inc., No. 08-cv-1570-VAP-SP, 2017 WL 1234215, at *7 (C.D. Cal. Mar. 30, 2017) ("At most, the evidence suggests that, despite Defendant's policy of allowing breaks, Plaintiff subjectively believed that [s]he should not take breaks. . . .  Plaintiff's uncorroborated subjective beliefs about [her] former employer's break policies are insufficient to create a material dispute of fact as to whether the employer's actual policy is to discourage breaks."); Roberts v. Trimac Transportation Servs. (W.), Inc., No. 12-cv-05302-HRL, 2013 WL 4647223, at *4 (N.D. Cal. Aug. 28, 2013) (same).  The Ninth Circuit "has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony."  Villirimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quotation marks omitted).  Moreover, in the context of a motion to dismiss, allegations that an employee felt pressure to "complete job duties in a timely manner, meet set deadlines, and avoid ridicule for not working efficiently" are insufficient to state a claim because the allegations focused on the employee's behavior and did not identify "specific actions" by the employer that would coerce the employee to work through breaks.  Carrasco v. C.H. Robinson Worldwide, Inc., No. 1:13-cv-01438-LJO, 2013 WL 6198944, at *9–10 (E.D. Cal. Nov. 27, 2013) ("Plaintiff has not identified any 'pressuring' by [defendant] that coerced Plaintiff to perform her duties in ways that omit breaks.  Liability for failure to provide meal breaks and rest breaks is premised on the employer's actions, and not necessarily the employee's actions.  Plaintiff's complaint does not identify any actions by Defendants that would give rise to liability.").  "Accordingly, courts have not hesitated to grant summary judgment where plaintiffs have skipped breaks of their own accord due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

pressure they feel to complete their job in a given amount of time, absent evidence that their employer took action to prevent or impede employees from taking their meal or rest breaks." Cleveland v. Groceryworks.com, LLC, 200 F. Supp. 3d 924, 946 (N.D. Cal. 2016).

Here, HSAG's formal policy permitted breaks, plaintiff was told she could take her breaks, plaintiff does not assert or provide evidence that HSAG imposed a policy of "readiness at all times," and she has not provided evidence of (let alone alleged) specific actions by HSAG that coerced her to work through breaks. HSAG thus carries its burden of establishing an absence of genuine issues of material fact and the Court **GRANTS** HSAG's motion for summary judgment on plaintiff's seventh claim for missed rest breaks.

### 2. Plaintiff's Off-the-Clock Claim

In her eighth claim, plaintiff alleges that HSAG failed to pay her minimum wages for time spent working "off the clock." Compl. ¶ 107. Plaintiff does not assert which specific occasions constitute off-the-clock work, so the Court will consider the instances when plaintiff asserts that she worked but did not record her time, namely, during her breaks and when bringing mail to the post office after her shift.

To prevail on a claim for off-the-clock work, plaintiff must prove HSAG knew or should have known that plaintiff was working off-the-clock. Brinker, 273 P.3d at 544; White v. Starbucks Corp, 497 F. Supp. 2d 1080, 1085 (N.D. Cal. 2007) (granting summary judgment for employer when an employee testified that he worked off-the-clock during store hours, and other employers had no knowledge whether he was on or off shift).

Here, plaintiff received training that it was company policy for employees to take their meal and rest breaks. Pl. Depo. II at 273:16–23. Plaintiff testified that she never informed anyone that she was not taking her lunch or rest breaks. Pl. Depo. II at 270:20–22, 277:17–19. Plaintiff stated she did not think she had to inform anyone because she thought "it was very clear" that she was not taking her breaks. Id. at 270:16–19. Plaintiff testified that no one monitored whether or not she took her breaks or asked her if she took them. Id. at 272:16–21. When asked if it was her decision to forego the breaks, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

stated, "I don't think it was anybody's decision.  It was just the way the work was laid." Id. at 276:11–18.  Plaintiff did not record on her timesheet when she worked during her lunch break.  Id. at 265:4–6.  Edwards stated in her declaration that she did not believe or have any reason to know that plaintiff did not take her breaks.  Edwards Decl. ¶ 3.  Thus, HSAG has offered evidence demonstrating that it did not know and had no reason to know that that plaintiff worked off-the-clock during her breaks and plaintiff has provided no evidence to the contrary.  On that basis, a reasonable trier of fact could not find in plaintiff's favor.  The Court therefore **GRANTS** HSAG's motion for summary judgment on plaintiff's claim for failure to pay minimum wage for off-the-clock work to the extent the claim is predicated on time spent working during her breaks.

The parties dispute whether HSAG knew or should have known that plaintiff worked off-the-clock when bringing outgoing mail to the post office.  Even assuming *arguendo* that HSAG did know, HSAG asserts that whatever additional time plaintiff may have spent dropping off mail is de minimis and can thus be disregarded.  Mot. at 32; see Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946).

While "there is no precise amount of time that may be denied compensation as de minimis," an "important factor" is the "amount of daily time spent on the additional work."  Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir. 1984).  "Most courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable."  Id.  In Lindow, the Ninth Circuit articulated a three-prong test to determine whether otherwise compensable time is de minimis: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work."  Id. at 1063; see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship, 821 F.3d 1069, 1081 (9th Cir. 2016) (affirming Lindow as the applicable test to determine if otherwise compensable time is properly classified as de minimis).

In this case, it is unclear how often plaintiff took outgoing mail to the post office.  At her deposition, plaintiff first stated that she took mail once or twice per week.  Pl. Depo. I at 75:12–19.  Plaintiff later stated that the number of times per week that she took the mail "varie[d]" and "could be once or twice a week."  Yates Pl. Depo. I at 112:14–22.  Later in the same deposition, plaintiff testified that she did not take the mail every week.  Pl. Depo. I at 142:19–21.  Plaintiff then estimated on average that she went "in a month,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL**  **'O'**   **JS-6** | | |
|---|---|---|---|
| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

maybe three times." Id. at 142:22–24.  Plaintiff testified that she would load her car with mail during the workday.  Id. at 140:9–11.  Plaintiff would then drive about two miles to the post office.  Id. at 140:18–21.  On average, plaintiff testified that the task took about fifteen or twenty minutes to complete.  Id. at 142: 3–8.  Thus, based on plaintiff's varying testimony about the regularity with which she delivered the mail, plaintiff worked off-the-clock between 45 to 160 minutes per month.

Courts generally rule that ten minutes per day (or approximately 200 minutes per month) is de minimis.  See, e.g., Farris v. Cty. of Riverside, 667 F. Supp. 2d 1151, 1165 (C.D. Cal. 2009) ("10 minutes [daily] is the standard threshold for determining whether something is de minimis"); Lindow, 738 F.2d at 1062–63 (citing cases finding periods between two and fifteen minutes daily were de minimis); Lindow, 738 F.2d at 1063–64 (spending 7 to 8 minutes per day on uncompensated tasks over a period of three years was de minimis and non-compensable); but see Rutti v. Lojack Corp., 596 F.3d 1046, 1058 (9th Cir. 2010) (no rigid ten or fifteen minute de minimis rule).  When Courts have found that uncompensated time was *not* de minimis, plaintiffs typically performed substantial off-the-clock work on a daily basis.  See, e.g., Gomez v. Lincare, Inc., 173 Cal. App. 4th 508, 527 (2009), as modified (Apr. 28, 2009) (daily assignments that generated an aggregate 125 to 250 minutes of off-the-clock work per week exceeded a de minimis amount); Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 912 (9th Cir. 2004) (20 to 30 minutes spent daily not de minimis).  Even assuming plaintiff worked off-the-clock for 160 minutes per month, this aggregate amount is well within the general limit of 200 minutes per month.

Furthermore, plaintiff did not perform the work on a daily basis, and plaintiff's trips to the post office did not occur on a consistent, regular schedule, which would have made it practically difficult to record additional time.  See Lindow, 738 F.2d at 1064 (concluding that plaintiffs' claim was de minimis in part because of "administrative difficulty of recording the time and the irregularity of the additional pre-shift work").  Furthermore, it would have been arduous for HSAG to proactively search out and ascertain whether plaintiff worked off-the-clock to deliver the mail because plaintiff never attempted to record this overtime in the system, Pl. Depo. I at 140:4–8.  See Corbin, 821 F.3d at 1082 (the de minimis doctrine is designed to allow employers to avoid the "arduous task" of searching out and compensating off-the-clock work performed in violation of company policy).  Therefore, the Lindow factors uniformly lean

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

in favor of HSAG. The Court thus finds that plaintiff's time spent bringing mail to the post office was de minimis as a matter of law. Accordingly, the Court **GRANTS** summary judgment to HSAG on plaintiff's claim for failure to pay minimum wage for off-the-clock work to the extent the claim is predicated on time spent dropping off the mail after hours.

### 3. Plaintiff's Claim for Unpaid Overtime

Turning to plaintiff's ninth claim for unpaid overtime, plaintiff asserts that defendant required her to work in excess of eight hours per shift, and thus failed to pay overtime wages for the amount of overtime hours worked. Compl. ¶ 112. Plaintiff asserts that she is owed overtime compensation because: (a) she delivered mail to the post office after work, Yates Decl. ¶ 6; and (b) Edwards instructed plaintiff to record the occasions when she came to work early or left late for a doctor's appointment "as make-up time and not overtime," id. ¶ 11.[7]

---

[7] At oral argument, plaintiff's counsel argued for the first time that plaintiff was also entitled to overtime compensation for work during her meal breaks. Plaintiff's counsel argued that HSAG's timekeeping system prevented plaintiff from recording any missed breaks and that Edwards instructed plaintiff not to record more than eight hours of work. In her declaration, plaintiff states:

> I was not allowed to record anything over 8 hours since the system would not allow me to register for more hours than 8 unless I was preapproved to work for more than 8 hours. Harriet Edwards never allowed me to record more than 8 hours

Yates Decl. ¶ 5. Plaintiff similarly testified at her deposition that she could only record overtime if it were preapproved. Yates Pl. Depo. I. at 95:21–96:5. However, plaintiff never asserted and does not provide any evidence indicating that she sought preapproval to work overtime during her lunch breaks. Edwards testified that nobody ever asked her for overtime approval. Edwards Depo. at 46:11–12. Plaintiff does not create a genuine issue "where the only evidence presented is uncorroborated and self-serving testimony." Villirimo, 281 F.3d at 1061. Finally, any difficulty plaintiff had in recording overtime

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'      JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

"Any work in excess of eight hours in one workday . . . shall be compensated at the rate of no less than one and one–half times the regular rate of pay for an employee." Cal. Lab. Code § 510. "Any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194.

Because the Court found that plaintiff's time spent bringing mail to the post office was de minimis as a matter of law, HSAG may not be held liable for any unpaid overtime accrued while performing that task. See Lindow, 738 F.2d at 1062–63 (no liability where overtime is de minimis); Brewer v. Gen. Nutrition Corp., No. 11-cv-3587-YGR, 2014 U.S. Dist. LEXIS 159380, at *56 (N.D. Cal. Nov. 12, 2014) (explaining that de minimis defense bars an employer's liability for unpaid overtime); cf. Marshall v. Pollin Hotels II, LLC, 170 F. Supp. 3d 1290, 1297 (D. Or. 2016) ("To prevail on an unpaid overtime claim under FLSA, the plaintiff must prove . . . that the time worked is not *de minimis*[.]"). Furthermore, plaintiff testified in her prior Worker's Compensation case against HSAG that she did not work overtime in the last year of her employment. Mot. at 31; Dkt. 17-7, Worker's Compensation Depo. at 19:19–21. Plaintiff testified in this case that the testimony in the previous case was true and correct. Pl. Depo. II at 295:22–296:14. Additionally, a report submitted by plaintiff's psychiatrist in connection with the earlier worker's compensation case also stated that "she was not required to work overtime." Stein Decl., Ex. 29 at 273.

Turning to plaintiff's assertion that she is entitled to overtime for time recorded as "makeup time," the Court finds that plaintiff's makeup time is not compensable as overtime. At her deposition, plaintiff testified that she asked HSAG "to work with [her] schedule so that [she] could go to physical therapy" and that HSAG did so. Pl. Depo. I at 151:3–9. Plaintiff stated that she gave Edwards a schedule of when she was going to attend physical therapy and that Edwards never told plaintiff that she could not attend physical therapy. Yates Pl. Depo. I at 152:10–12; 153:19–21. Plaintiff further testified

does not create an issue of material fact because she fails to present any evidence that HSAG knew or had reason to know that plaintiff worked off-the-clock during her lunch breaks. Therefore, plaintiff is not entitled to overtime compensation for work during her lunch breaks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'     JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

that Edwards told plaintiff "she was not going to pay [plaintiff] overtime, but she was going to allow [plaintiff] to work – to make up the time so [her] check wouldn't be short." Pl. Depo. I at 165:4–8. To that end, Edwards instructed plaintiff not to record work in excess of eight hours on days when plaintiff worked more, in order to make up for other days on which plaintiff worked less than eight hours. Id. at 165:9–18. Plaintiff testified that she did not recall whether Edwards provided that instruction in writing, but thought it was given in person. Id. at 165:23–166:3. Pursuant to Edwards's instruction, plaintiff would fill out a form indicating the hours she would work each day and the hours that she had appointments, then Edwards "would sign that form, and [they] [would] talk about how [plaintiff] was going to record it." Id. at 166:4–9. Plaintiff provided the following example:

> [L]et's say on Friday, I would write what days I had appointments the following week. . . .
>
> So there is a form that said on Monday I'm going to work from 7:00 to 5;00, on Tuesday I'm going to work from 10:00 to 6:00, on Wednesday I'm going to work this and this.
>
>  She will sign it. I'd sign it. She signs it.

Id. at 167:21–168:3. Plaintiff explained that the purpose of that form was to inform Edwards "when [she was] going to working different hours[.]" Id. at 168:10–14. In her declaration, plaintiff similarly states:

> Since I was not completing all my hours by attending these appointments, I asked Harriet Edwards if I had to make-up this time. She said that I could come early or leave late, but instructed me that I should record that time as make-up time and not overtime. None of these discussions were in writing.

Yates Decl. ¶ 11.

California Labor Code § 513 provides in relevant part: "If an employer approves a written request of an employee to make up work time that is or would be lost as a result of a personal obligation of the employee, the hours of that makeup work time, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**     **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
| --- | --- | --- | --- |
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

performed in the same workweek in which the work time was lost, may not be counted towards . . . overtime requirements." Cal. Lab. Code § 513. In accordance with Section 513, the Court concludes that plaintiff is not entitled to count her makeup time as overtime because Edwards approved plaintiff's written requests to make up for work time that was lost as a result of plaintiff's physical therapy appointments. Plaintiff argues that HSAG has failed to satisfy its evidentiary burden because HSAG did not introduced any of plaintiff's written requests to use overtime as makeup time. Opp'n at 29. However, plaintiff herself has testified that she and Edwards agreed to that arrangement in writing—by means of the proposed schedules that plaintiff submitted and that plaintiff and Edwards signed. Furthermore, it appears that plaintiff benefited from this agreement because plaintiff was able to complete the hours required for her to receive her ordinary (i.e., not "short") paycheck. Accordingly, plaintiff fails to establish a genuine issue of material fact as to plaintiff's claim that HSAG failed to pay overtime compensation (claim 9).

Plaintiff's tenth claim (failure to provide proper wage statement), Compl. ¶¶ 114–18, twelfth claim (failure to pay compensation upon termination of employment), id. ¶¶ 124–30, and fourteenth claim (unfair business practices), id. ¶¶ 142–52, were each predicated on plaintiff's claim that HSAG denied plaintiff unpaid overtime wages. Accordingly, a rational tier of fact likewise could not find in plaintiff's favor on these claims. The Court therefore **GRANTS** HSAG's motion for summary judgment on plaintiff's claims 9, 10, 12, and 14.

### 4.    Plaintiff's Claim for Failure to Permit Inspection of Records

Plaintiff alleges that HSAG failed to timely respond to plaintiff's request for her employment records. Compl. ¶ 122. However, plaintiff does not dispute that HSAG received plaintiff's request on January 5, 2016, Pl.'s Statement at no. 102, and personally delivered the personnel file to plaintiff's counsel on January 29, 2017, id. at no. 103. Plaintiff also does not dispute that HSAG personally delivered plaintiff's payroll records to plaintiff's council on January 21, 2016. Pl.'s Statement at no. 104. California Labor Code requires that an employer make personnel records available for inspection not later than 30 calendar days from the date that the employer receives the written request. Cal. Lab. Code § 1198.5(b)(1). Therefore, the documents were timely delivered as a matter of law. Accordingly, the Court **GRANTS** HSAG's motion for summary judgment on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**     **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

plaintiff's eleventh claim for failure to permit inspection of personnel and payroll records.

### 5.    Plaintiff's PAGA Claim

Plaintiff's thirteenth claim seeks civil penalties under the California Labor Code Private Attorney General Act ("PAGA") for herself and all other aggrieved employees. Compl. ¶ 131–141.

As a prerequisite to bringing a civil action for statutory penalties, an employee must comply with California Labor Code § 2699.3.  Arias v. Superior Court, 209 P.3d 923, 930 (Cal. 2009).  The statute requires the employee to give written notice of the allege Labor Code violation to both the employer and the Labor and Workforce Development Agency ("LWDA").  Id.  The notice must describe "facts and theories to support the alleged violation."  Cal. Lab. Code § 2699.3(1)(A).  "Merely listing the statutes allegedly violated or reciting the statutory requirements is insufficient."  Ovieda v. Sodexo Operations, LLC, No. 12-cv-1750-GHK-SS, 2013 WL 3887873, at *3 (C.D. Cal. July 3, 2013); Archila v. KFC U.S. Properties, Inc., 420 F. App'x 667, 669 (9th Cir. 2011).  "Absent facts specific to the alleged violations, a notice cannot fulfill the purpose of enabling the LWDA to make an informed decision about whether to pursue the investigation itself."  Id. at *4.  Conclusory factual allegations without information about the employer's allegedly illegal policies and practices do not provide adequate notice.  Amey v. Cinemark USA Inc., No. 13-cv-05669-WHO, 2015 WL 2251504, at *14 (N.D. Cal. May 13, 2015).

In this case, plaintiff's letter to LWDA listed the Labor Code provisions that HSAG allegedly violated.  Goodman Decl., Ex. 44 ("PAGA Letter").  Plaintiff's counsel then set out the allegations regarding each claim:

Violation of Cal. Labor Code §§ 1194, et seq. – Defendant failed to compensate Plaintiff and Class members for all overtime hours worked as required under the labor codes and regulations.

Cal. Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040 – Defendant failed to provide Plaintiff and Class members with meal and rest breaks as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**   **JS-6**

| Case No. | 2:16-cv-04032-CAS(PLAx) | Date | July 24, 2017 |
|----------|-------------------------|------|---------------|
| Title | MARIA YATES v. HEALTH SERVICES ADVISORY GROUP, INC. ET AL. | | |

required by law and to pay Plaintiff and Class members the full statutory penalty for all missed meal and rest breaks.

<u>Violation of Industrial Welfare Commission Order No. 4 and Labor Code §§ 200, 226, 226.7, 500, 510, 1197, 1194 and 1198</u> – Defendant failed to compensate Plaintiff and Class members for all hours worked by not compensating them for work performed, including but not limited to off-the-clock hours.

<u>Failure to Furnish An Accurate Itemized Wage Statement in Violation of Cal. Labor Code § 226</u> – Defendant failed to accurately report the gross wages earned and the net wages earned by Plaintiff and Class members on their wage statements.  Defendant failed to accurately represent the total hours worked by Plaintiff and Class members.

<u>See</u> PAGA Letter.  Plaintiff did not include information about HSAG's specific policies and practices or how any such policies applied to plaintiff or other employees.  At plaintiff's deposition, plaintiff testified that she did not know whether other employees were denied meal and rest breaks and not paid overtime.  Pl. Depo. II at 274:11–275:14.  The court concludes as a matter of law that Plaintiff's bare allegations in her PAGA letter failed to provide proper notice either to HSAG or to the LWDA.  <u>See</u> <u>Amey</u>, 2015 WL 2251504 at *15.

Because plaintiff failed to adequately exhaust administrative remedies, the Court **GRANTS** HSAG's motion for summary judgment on plaintiff's claim for civil penalties under PAGA (claim 13).

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** HSAG's motion for summary judgment as to each of plaintiff's claims.

IT IS SO ORDERED.

|  | 00 | 23 |
|---|---|---|
| Initials of Preparer | | CMJ |